IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LATASHA CARR-CUMMINGS,           )
                                 )
       Plaintiff,                )
                                 )
v.                               )   No. CIV-10-189-FHS-KEW
                                 )
MICHAEL ASTRUE, Commissioner     )
Social Security Administration   )
                                 )
       Defendant.                )

**OPINION AND ORDER**

      Before the Court for its consideration is Plaintiff's Counsel's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6)(Dkt. No. 25) filed on February 15, 2012. Plaintiff's counsel seeks relief which would allow him to file his motion for attorney fees under 42 U.S.C. § 406(b)(1) within thirty days following his receipt of a Notice of Award issued by the Social Security Administration. The Court finds Plaintiff's counsel is entitled to the requested relief.

      Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, such as Plaintiff and her counsel herein, rely on Fed.R.Civ.P. 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted,

1

however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id.

On September 29, 2011, this Court remanded this action to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). On or about February 9, 2012, Plaintiff and her counsel received notification of a favorable decision from the Administrative Law Judge determining her to be disabled since March 31, 2004. Plaintiff's counsel filed the instant motion seeking relief under Fed.R.Civ.P. 60(b)(6) six days later on February 15, 2012. According to Plaintiff's counsel, the amount of retroactive benefits awardable to Plaintiff has not been calculated and a Notice of Award has not been issued by the Commissioner. Under these circumstances, the Court finds it appropriate to authorize Plaintiff's counsel to file his § 406(b)(1) motion for attorney fees following his receipt of a Notice of Award containing the calculation of past-due benefits. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Thus, Plaintiff's counsel is entitled to file his motion for attorney fees within a reasonable time of the receipt of the Notice of Award.[1]

---

[1] The Court notes that on February 15, 2012, Plaintiff's counsel mailed a copy of the Rule 60(b)(6) Motion to Plaintiff. No response or objection has been filed by Plaintiff. Looking ahead to the anticipated section 406(b) fee request, the Commissioner references forms utilized by the United States District Court for the Northern District of Oklahoma and suggests that Plaintiff's counsel should be required to submit a signed Notice to Plaintiff verifying Plaintiff's position on a section

2

Plaintiff's Counsel's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6) (Dkt. No. 22) is granted and Plaintiff's counsel is authorized to file his motion for attorney fees under § 406(b)(1) within thirty days of his receipt of the Notice of Award containing the calculation of Plaintiff's past-due benefits.

It is so ordered this 1st day of March, 2012.

*Frank H. Seay*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

406(b) request and a Certification of Notice to Plaintiff advising of her counsel's request for attorney's fees under section 406(b). See Exhibit "A" to Defendant's Response (Dkt. No. 26). While the Court declines to make the utilization of such forms mandatory, the Court finds such forms would be useful measures to assure notice to Plaintiff, in addition to serving Plaintiff with the motion for fees under section 406(b).