**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LATASHA A. CARR-CUMMINGS, )
)
    Plaintiff, )
)
v. ) No. CIV-10-189-FHS-KEW
)
MICHAEL ASTRUE, Commissioner )
Social Security Administration )
)
    Defendant. )

**OPINION AND ORDER**

    Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 28) on June 6, 2012. Judgment was entered in favor of Plaintiff on September 29, 2011, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a fully favorable decision on February 1, 2012, finding Plaintiff has been under a disability as defined in the Social Security Act since March 31, 2004. On May 8, 2012, a Notice of Award was issued in favor of Plaintiff. On May 12, 2012, a Notice of Change in Benefits was issued informing Plaintiff that $10,691.75, or 25% of her total past-due benefits, had been withheld for the payment of attorney's fees. On May 15, 2012, Plaintiff's counsel received the Notice of Change in Benefits.

    Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such

1

circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. On March 1, 2012, the Court entered an Opinion and Order (Dkt. No. 27) granting Plaintiff's counsel's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6) and authorizing counsel to file his motion for fees under § 406(b)(1) within thirty days of his receipt of the Notice of Award containing the calculation of Plaintiff's past-due benefits. In doing so, the Court noted that the "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. A past-due benefits figure was not provided in either the Notice of Award or the Notice of Change in Benefits; however, the $10,691.75 withholding figure for attorney's fees set forth in the Notice of Change in Benefits operates as the functional equivalent. Plaintiff's counsel received the Notice of Change in Benefits on May 15, 2012. Counsel's motion filed on June 6, 2012 - twenty-nine days from the May 8, 2012, Notice of Award and twenty-two days from the May 15, 2012, receipt of the Notice of Change in Benefits - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney's fee award under 42 U.S.C. § 406(b)(1) in the amount of $10,691.75 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the

Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $10,691.75. The Commissioner has filed an informative response on the various points of law to be considered, but has declined to take a position on the reasonableness of counsel's fee request. Plaintiff has not filed any response or objection. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $10,691.75 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002).

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 28) is granted in the amount of $10,691.75. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($4,453.00) previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

It is so ordered this 25th day of June, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma